UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MARK BLAYKE MAYS,<br><br>    Defendant. | No. 1:22-CR-041-H-BU |

### ORDER ACCEPTING REPORT AND RECOMMENDATION AND REFERRING THE ISSUE OF DETENTION TO THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Notice Regarding Entry of a Plea of Guilty, the Consent of the Defendant, and the Report and Recommendation on Plea of Guilty before United States Magistrate Judge. Dkt. Nos. 26, 27. As no objections to the Report and Recommendation have been filed within fourteen days of service in accordance with 28 U.S.C. § 636(b)(1), the Court accepts and adopts the Report and Recommendation. Accordingly, the Court accepts the plea of guilty, and Mays is hereby adjudged guilty of Possession of Child Pornography Involving a Prepubescent Minor in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). Sentence will be imposed in accordance with the Court's scheduling order. The Court now refers the issue of mandatory detention pending sentencing to the Honorable Magistrate Judge Parker.

1.   **Background**

The Indictment charges a violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2), that is Possession of Child Pornography Involving a Prepubescent Minor. On August 25, 2022, Mays pled guilty to the charge. Dkt. No. 26. The Honorable Magistrate Judge Parker recommended that the plea be accepted. Dkt. No. 27. Having accepted that

recommendation, Mays has now been adjudged guilty of Possession of Child Pornography Involving a Prepubescent Minor.

2. **Legal Standard Governing Mandatory Detention**

Title 18 United States Code, Section 3143(a)(2) mandates detention after a guilty plea if the offense of conviction is among those listed in 18 U.S.C. § 3142(f)(1)(A)-(C). Section 3142(f)(1)(A) details three categories of crime—a crime of violence, a violation of Section 1591, or an offense listed in Section 2332b(g)(5)(B). Here, Possession of Child Pornography Involving a Prepubescent Minor is a crime of violence. A crime of violence is defined, among other things, as a felony under Chapters 77, 109A, 110, or 117 of Title 18. 18 U.S.C. § 3156(a)(4). Chapter 110 includes the statute(s) of conviction at issue in this case—18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). Moreover, Fifth Circuit precedent provides that possession of child pornography is a crime of violence within the meaning of 18 U.S.C. § 3142(f)(1)(A). *United States v. Fizpatrick*, 44 F. App'x 653 (5th Cir. 2002).

Section 3143(a)(2) details two exceptions to mandatory detention for defendants awaiting imposition or execution of a sentence. The defendant must be detained unless "(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." *Id.* Additionally, a person otherwise "subject to detention under Section 3143(a)(2), and who meets the conditions of release set forth in Section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial

officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

The Court thus refers this matter to the Honorable Magistrate Judge Parker to determine whether Section 3143(a)(2)'s or Section 3145(c)'s exceptions are satisfied.

### 3. Conclusion

The issue of mandatory detention for this offense is referred to Magistrate Judge Parker for resolution.

So ordered on September 16, 2022.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE